CARRINGTON, Judge. ■
Concurred.
PENDLETON, President.
On the first point as to the jurisdiction, I am well satisfied that the demurrer is to be considered as a plea to the jurisdiction;† so as to take the case out of the act which precludes appellate Courts from proceeding to a reversal for want of jurisdiction, if it be not pleaded in the inferior Court: And I am also of opinion, that we are to consider the question of jurisdiction now, as if the cause was heard upon the bill and demurrer, independent of any subsequent proceedings.
It was objected that a man may in his bill alledge any fact to give jurisdiction, and bring every case into the Chancery; and it was asked, how a defendant is to avail himself of the objection to the jurisdiction, in case the fact alledged to give it be not true ? The mode is obvious; he may by plea deny the fact, and on that, ground his objection. The fact thus put in issue is to be tried: If found for the defendant, his objection operates: If found for the plaintiff, the question occurs, whether the fact alledged be a sufficient ground of equity to sustain the jurisdiction ?
A demurrer admits the facts to be true; and comes to the other question at once; which we are to consider upon the suggestions of the bill.
*341 The plaintiff charges a promise to pay; which, if proved, would entitle him-to a remedy at law. But he says, that having in consequence of the promise given up the bond, he is unable to fix the quantum of his demand, without a discovery from the defendant;* which he calls upon him to make. In this view it is a bill of discovery; which is admitted to be proper in equity: And the consequence is also admitted and established; namely, that on this discovery the Court will finish the cause, and not send the parties to another Court for trial, †
On the point of jurisdiction, therefore, I have no difficulty in over-i’uling the demurrer, and come to the question upon the merits.
The Court approve of the principle laid down in Southall v. M’Keand, that we are to consider whether the Chancellor exercised his discretionary power properly, either in not being satisfied to decide upon the merits, without directing an issue; or in being satisfied with the verdict as certified. ‡
We, therefore, consider the case, 1st. upon the merits. The complainant charges a positive promise to pay the depreciation, in consideration of the plaintiff’s receiving his paper. This is denied by the answer, which is contradicted but by one witness, Mr. Hopkins; and that too in a second deposition, after he had, in the first, proved a conditional promise, much of the same nature with that admitted in the answer', and spoken of by the other witnesses. Is this a circumstance to aid his testimony against the answer ? It strikes me as giving additional weight to the scale of the answer, that he should vary in so material a point.
We then come to what was the real promise. The answer admits he promised to pay the depreciation, if it was generally made up, so that he could recover it of his debtors.
Brand proves the account of the promise given him by Street, was, to pay depreciation if it was customary; and Hopkins in his first deposition says, it was to pay if demanded: Which must be understood, if demanded and paid generally; and not a demand by that particular creditor, since it could not be doubted that he would make the demand, if that alone could entitle him.
*342 If the promise be understood literally, and to depend upon • depreciation being generally or customarily paid, then there is no proof of a single instance of depreciation being made up by a debtor. On the contrary, we have three, where it was- not made up; that is to say, one of Quarles for Pryor’s debts; and the others of Mr. Adams, (one as creditor, the other as debtor;) who would probably never have complained of it, if our act of Assembly had not been over-ruled by a law of superior authority. Upon the strict letter of the promise, therefore, it is against the plaintiff.
And what is the spirit of- the promise? Nothing more than to subject this case to the general regulations which should be established, either by general consent, or by the Legislature. Tn this sense, Pryor swears he made it, and gives a sound reason for doing so; namely, that as a creditor, he would receive a benefit to compensate for his loss, if it may be called one, as a debtor.
And what rule is given by the act of 1781?
The appellee’s counsel say, that the scale in that act fixes the rule, either in the enacting part or in the j>roviso, authorising Courts to vary the scale upon circumstances;
Both these are confined to debts and contracts commencing after the first day of January, 1777, and they do not reach the present debt created in 1774; the rule as to such debts being, that if not paid, they are to be recovered in specie; but, if paid before 1781, the payment is to stand as a discharge.
I am, therefore, of opinion, that the merits were clearly against the plaintiff; that there was no occasion to have directed an issue in the cause; but that the first decree of May the 17th, 1792, dismissing the bill with costs was a proper one, and ought to be affirmed;* and that all the subsequent proceedings should be reversed.
Which renders it unnecessary to consider the questions discussed on those proceedings.
On the next day, Pendleton, President, observed, he was apprehensive that when speaking of the jurisdiction *343 yesterday, he said, that the defendant u may by plea deny the fact; and on that ground his objection. The fact thus put in issue, is to be tried, and if found for the defendant, his objection operates; if found for the plaintiff, the question occurs whether the fact alledged, be a sufficient ground of equity;” it might be inferred that he thought it ought to be tried by a jury*. But that, however, was not his meaning; for, he meant only, that it should be tried according to the usual course of Chancery causes.

[† See Pollard v, Patterson's adm. 3 H. & M. 67.]

[* Duvals v. Ross 2 Munf. 290 ]

[† Chichester’s ex'x. v. Vass’ adm’r. 1 Munf. 98. Marshall, C. J. in Russell v. Clark’s ex'rs. 7 Cranch. 89, delivering opinion of the Court.]

[‡ Stannard v. Graves et al. 2 Call. 369. Rowton v. Rowton, 1 H. &M. 91.]

[* But if the proofs leave the point doubtful, ’tis the duty of the Chancellor to direct an issue: See Marshall v. Thompson, 2 Munf. 412; Bullock v. Gordon et al. 4 Munf. 450; Johnson v. Hendley, 5 Munf, 219; Galt et al. v. Carter, 6 Munf. 345; Banks et al v. Booth, 6 Munf. 385; Knibb's ex'r. v. Dixon's ex'r. 1 Rand. 249; Douglass v. McChesney, 2 Rand, 109; Savage v. Carroll, 1 Ball & Beatty, 283.]